Biehner v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

PRESENT:  GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------

BRITTNEY BIEHNER, AKA
BRITTNEY REILLY,

*Plaintiff-Appellant,*

v.                                                     No. 21-2922

CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF
EDUCATION, OMOTAYO CINEUS,
STEVE TRAVERSIERE,

*Defendants-Appellees,*

1

JOHN DOE and JANE DOE #1-100, said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually, JOHN DOE and JANE DOE #1-100, said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually,

*Defendants.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JOHN V. SISKOPOULOS, Siskopoulos Law Firm, LLP, New York, NY |
| FOR DEFENDANTS-APPELLEES: | PHILIP W. YOUNG, Assistant Corporation Counsel (Claude S. Platton and Jane L. Gordon, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Brittney Biehner appeals from an October 21, 2021 judgment of the United States District Court for the Southern District of New York (Koeltl, J.) dismissing her claims against the City of New York, the New York City Department of Education ("DOE"), and several individual defendants. Biehner, a probationary special education teacher who worked for the DOE at a public school in Queens, alleged various causes of action related to an internal investigation into an incident involving a student, which the DOE characterized as corporal punishment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The following background facts are set forth in the operative second amended complaint. According to a DOE report, on June 11, 2013, Biehner forcibly removed a shoe from one of her students in exchange for the student borrowing a folder. Biehner met with the principal, Defendant-Appellee Omotayo Cineus, on June 19, 2013, to discuss the matter, but she alleges that there was no indication at the meeting that she was being accused of corporal punishment. Biehner later explained that she had a classroom policy of lending supplies to students only if they gave her something in exchange, in order to

3

prevent the students from forgetting to return the supplies.  She also explains that the student involved in this incident willingly gave her his shoe.

Biehner began maternity leave shortly after the incident, in September 2014.  A second pregnancy and a car accident kept her on leave for approximately six years, until the 2020–2021 school year.  In October 2018, while on leave, Biehner requested a copy of her personnel file and discovered, for the first time, a letter dated June 20, 2013, memorializing the June 19, 2013 meeting with Cineus.  The letter stated: "Allegations of corporal punishment are sustained."  Joint App'x 86.

In October 2019 Biehner filed her first complaint in the District Court, which she amended in March 2020.  In April 2020 Biehner indicated on a DOE web form that she intended to return to teaching for the 2020–2021 school year.  On September 1, 2020, the school's new principal informed Biehner that "[t]here is a strong possibility that [she] will be excessed"[1] because she was "the least senior Special Education Teacher in the building, according to seniority."  Joint App'x 79–80.  On September 10, 2020, Biehner was told not to report to the school

---

[1] "Excessing refers to the process by which less senior teachers are removed from a school's table of organization and assigned to the Absent Teacher Reserve or another school placement.  Excessed teachers retain their DOE employment with full salary and benefits."  Joint App'x 131 (quotation marks omitted).

4

and that she was excessed. On September 16, however, Biehner received an e-mail directing her to report back to the school in order to avoid being marked with an unauthorized absence again. Shortly thereafter, Biehner resigned.

The District Court dismissed the operative complaint with prejudice on October 20, 2021. On appeal, Biehner argues that the District Court erred in dismissing each of her claims. We "review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013).

Biehner first challenges the District Court's conclusion that most of her federal claims and her state breach of contract claim were time-barred under the applicable statutes of limitations. See Koch v. Christie's Intern. PLC, 699 F.3d 141, 157 (2d Cir. 2012). We need not address that challenge, however, because even assuming that none of Biehner's claims are time-barred, we agree with the District Court that each of her federal and state law claims should be dismissed on the merits substantially for the reasons set forth in the District Court's thorough orders dated March 9, 2021 and October 20, 2021. Insofar as the District Court provided multiple reasons for dismissing certain claims on the

5

merits, we affirm the dismissal of Biehner's claims of gender discrimination and retaliation under Title VII on the ground that the allegations in the complaint fail to raise a plausible inference that the conduct at issue occurred because she was female or pregnant, or in retaliation for filing this lawsuit;[2] we affirm the dismissal of Biehner's claim under 42 U.S.C. § 1985 because she failed to adequately allege an underlying violation of her constitutional rights; we affirm the dismissal of Biehner's "stigma-plus" claim under 42 U.S.C. § 1983 because, as the District Court concluded, she failed to adequately identify the tangible interest or deprivation of a legal right or status that constituted the "plus" sufficient to sustain such a claim; and we affirm the dismissal of Biehner's state law breach of contract claim because she failed to identify a contract under which she has standing to sue.

---

[2] We thus do not address whether excessing itself qualifies as a materially adverse employment action.

We have considered Biehner's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
